UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

v.                                                              CR. No. 06-0042 ML

NEIL STIERHOFF


MEMORANDUM AND ORDER

In 2007, Neil Stierhoff ("Stierhoff," "Defendant," or "Petitioner") was convicted of four

counts of income tax evasion. This Court sentenced Stierhoff to concurrent 46-month

incarcerative terms on the four counts of conviction. Stierhoff unsuccessfully appealed the

conviction and sentence. United States v. Stierhoff, 549 F.3d 19 (1st Cir. 2008) (Stierhoff III).

Stierhoff has now filed a motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. §

2255.[1] For the reasons that follow, that motion is denied.[2]

I. Standard of Review

Pursuant to § 2255, a prisoner may move to vacate, set aside or correct his sentence

"upon the ground that the sentence was imposed in violation of the Constitution or laws of the

United States, or that the court was without jurisdiction to impose such sentence, or that the

sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

---

[1] Stierhoff has been released from confinement but is still subject to supervised release, thus his habeas petition is not moot. United States v. Acosta, Criminal No. 99-cr-134-JD, 2010 WL 4026106 (D.N.H. Oct. 12, 2010) (individual on supervised release is in custody for purposes of § 2255 jurisdiction).

[2] No hearing is required because the files of this case conclusively establish that the claims in the motion are without merit. David v. United States, 134 F.3d 470 (1st Cir. 1998).

1

attack . . . ." 28 U.S.C. § 2255(a). Relief under § 2255 is available to the Petitioner only if the Court finds a lack of jurisdiction, constitutional error, or a fundamental error of law. See United States v. Addonizio, 442 U.S. 178, 184-85 (1979).

A motion under § 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152 (1982). A movant is procedurally precluded from obtaining § 2255 review of claims not raised on direct appeal absent a showing of both "cause" for the default and "actual prejudice" – or alternatively, that he is "actually innocent" of the offense of which he was convicted. Bousley v. United States, 523 U.S. 614, 622 (1998) (internal quotation marks and citations omitted). Claims of ineffective assistance of counsel, however, are not subject to this procedural hurdle. Knight v. United States, 37 F.3d 769 (1st Cir. 1994).

Success on a claimed violation of the right to effective representation of counsel requires a showing of both "deficient performance by counsel and resulting prejudice." Peralta v. United States, 597 F.3d 74, 79 (1st Cir. 2010) (citing Strickland v. Washington, 466 U.S. 668, 687-688 (1984)); West v. United States, 631 F.3d 563, 567 (1st Cir. 2011) (petitioner is required to show that "(1) counsel's performance fell below an objective standard of reasonableness, and (2) the deficient performance resulted in prejudice to the applicant") (citing Strickland, 466 U.S. at 687). Courts are instructed by Strickland "to indulge 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and [the defendant] must overcome the presumption that the challenged action might be considered sound strategy.'" West, 631 F.3d at 567 (citations omitted). Moreover, "[t]he Constitution guarantees only an effective defense, not necessarily a perfect defense or a successful defense." Peralta, 597 F.3d at 79 (internal quotation marks and citation omitted)

2

To show that his counsel's performance was less than adequate, Stierhoff is required to "'identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. . . .'" United States v. Manon, 608 F.3d 126, 131 (1st Cir. 2010) (quoting Strickland, 466 U.S. at 690). The Court, in turn, must determine whether, in the circumstances of the case, the identified acts or omissions were "outside the wide range of professionally competent assistance." Id. In addition, Stierhoff must "'show that there is a reasonable probability that, but for [his] counsel's unprofessional errors, the result of the proceeding would have been different.'" Manon, 608 F.3d at 131 (quoting Strickland, 466 U.S. at 694).

Because Stierhoff brings this motion pro se, the Court construes his papers more liberally than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89 (2007). Nevertheless, Stierhoff's pro se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

II. Analysis
A. Speedy Trial Act
1. Performance Prong

The Court begins with Stierhoff's ineffective assistance of counsel claims. Stierhoff argues that both trial and appellate counsel were ineffective because they failed to assert a Speedy Trial Act ("STA") violation. See 18 U.S.C. § 3161.[3] The STA provides that a defendant has a right to a trial within 70 days from the latter of the date of the indictment or the date the defendant first appears before a judicial officer on the charge. Id. at § 3161(c)(1). Certain

_____

[3]The Speedy Trial Act was amended in October 2008. United States v. Burrell, 634 F.3d 284 (5th Cir. 2011). Since Stierhoff's arguments concern events that occurred before the amendment, the Court refers to the United States code provisions in effect prior to the amendment. United States v. Pakala, 568 F.3d 47, 57 n.7 (1st Cir. 2009).

periods of time, however, are excludable under the STA. See generally § 3161(h). For example, the STA permits the exclusion of days resulting from the filing of "any pretrial motion," § 3161(h)(1)(F), and, under certain conditions, from the granting of a motion to continue, § 3161(h)(8)(A).

Time under the STA has "both quantitative and qualitative dimensions." United States v. Sepulveda, 15 F.3d 1161, 1193 (1st Cir. 1993). To assess an STA challenge, the court must follow "a two-step process. First, the court must do the basic mathematics and determine the aggregate time elapsed awaiting trial. Second, it must determine how many days should be excluded from that ultimate sum." United States v. Staula, 80 F.3d 596, 600 (1st Cir. 1996).

The parties agree that 392 days elapsed while Stierhoff awaited trial. The STA clock began to run in this matter on May 10, 2006, the day after Stierhoff was arraigned and first appeared before the court. United States v. Santiago-Becerril, 130 F.3d 11, 16 (1st Cir. 1997) (day defendant appears before district court is excludable as a "proceeding[] concerning the defendant"); United States v. Brown, 736 F.2d 807 (1st Cir. 1984).

On May 25, 2006, the government filed a motion for a date certain. That motion was pending until June 5, 2006. Therefore, the time period between May 25 through June 5, 2006 (12 days) is excludable pursuant to § 3161(h)(1)(F), ("delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"); see also United States v. Mantos, No. 91-8106-CR-Paine, 1992 WL 24060 (S.D. Fla. Jan. 24, 1992) (motion for date certain tolls speedy trial clock), aff'd, 29 F.3d 639 (11th Cir. 1994) (unpublished table decision).

Stierhoff's argument concentrates on the delays associated with five defense motions for

4

continuances. Stierhoff contends that the delays associated with these motions are not excludable under the STA because the Court failed to make explicit on-the-record "findings that the ends of justice served by [granting the continuance] outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

On June 5, 2006, defense counsel filed a motion to certify the case as complex litigation and to exclude an additional 60 days for pre-trial preparation pursuant to 18 U.S.C. § 3161(h)(8)(A). The Government did not oppose the motion. In support of the motion, defense counsel relied upon the reasoning in an attached memorandum of law detailing the complexity of the case and the voluminous discovery materials. Defense counsel argued that Stierhoff was charged with four counts of income tax evasion and that allegations in the indictment

> stretch back as far as calendar year 2000. The government investigation of this matter includes approximately 9 full boxes of financial records allegedly retrieved by forensic examination of a computer hard drive allegedly belonging to [Stierhoff], which has been summarized in 16 exhibits. Additionally, there are at least five Compact Disc audio recordings of which counsel is aware. The government's case is circumstantial and extremely difficult to unravel. The government has 3 attorneys assigned to this matter in addition to the services of the IRS case agent. Defense counsel is a solo practitioner.

> Counsel requires significant time to sift through the numerous boxes of discovery in order to mount an effective defense.

> Next, counsel is aware of a significant search issue which will require additional time to research in order to properly formulate a Motion to Suppress. As the Court is aware, counsel was on trial from . . . May 11, 2006 until . . . May 26, 2006, thereby consuming much of the time excluded for the filing of a pre-trial motions.

> Due to the novelty of the issues in this case and the volume of material which must be reviewed, counsel prays for this Court to certify this matter as complex litigation, and afford the defense an additional (60) days within which to meet the government's allegations.

Motion to Certify Case as Complex Litigation, Docket #13 at 1-2 (emphasis added). Defense

counsel, citing § 3161(h)(8)(A), concluded that the "interests of justice are better served by taking such action and that those interests outweigh those of the public or defendant in a speedy trial." Id., Memorandum of Law at 1. Counsel also conceded that "any delay occasioned by the making, hearing, or granting of this motion shall constitute in whole or in part, excludable time as defined in 18 U.S.C. § 3161(h)." Motion to Certify Case as Complex Litigation, Docket #13 at 3. On June 5, 2006, the Court granted the motion by margin order. Thus, the Court adopted the reasoning in the motion (and the incorporated by reference memorandum of law) and it became an order of the Court.

> The "ends of justice" exception, § 3161(h)(8)(A), excludes from an STA calculation any
>
> period of delay resulting from a continuance granted by a judge . . . at the request of the defendant or his counsel . . . if the judge granted such continuance on the basis of his [or her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(8)(A) (emphasis added). Although the STA provides several statutory examples of considerations which a court should bear in mind when deciding to grant a continuance, see 18 U.S.C. § 3161(8)(B), that list is non-exhaustive and at "the close of the day . . . reasonableness serves as the touchstone of an 'ends of justice' analysis." United States v. Barnes, 251 F.3d 251, 256 (1st Cir. 2001).

The Court acknowledges that the STA, "at the very least . . . implies" that the reasons for a court's finding that the ends of justice are served and that they outweigh other interests should be put on the record at or near the time when the court grants the continuance. United States v.

Pakala, 568 F.3d 47, 59 (1st Cir. 2009) (internal quotation marks and citation omitted). However, the fact that a court does not specifically state the reasons for granting the continuance does not automatically result in a violation of the STA. See generally Belton v. United States, Civil No. 09-cv-345-JD, 2010 WL 2816374, at *7 n.11 (D.N.H. July 15, 2010).

The reasons cited by defense counsel in the June 5th motion for a continuance were statutorily authorized. See 18 U.S.C. § 3161(h)(8)(B)(ii) (complex case due to nature of prosecution and novel questions); see generally Pakala, 568 F.3d at 60 (noting defendant asserted statutorily authorized reason for delay).

> Although it is the far better course for the district court . . . to articulate its reasons for granting [an] ends of justice continuance[], it is not necessary to do so when the facts underlying the court's order are obvious and set forth in a motion for a continuance.

Belton, 2010 WL 2816374 at *7 n.11 (emphasis added) (internal quotation marks and citation omitted); United States v. Barnes, 159 F.3d 4, 13 (1st Cir. 1998) ("there is no need to articulate the basic facts critical to a motion for a continuance when they are set forth in the motion papers").

This Court's ruling and the requesting motion are to be read as "complementary documents." United States v. Bruckman, 874 F.2d 57, 62 (1st Cir. 1989). By granting the motion with a margin order, this Court adopted defense counsel's reasoning and conclusions as a decision of the Court. Thus, the decision clearly laid out the grounds for granting the ends of justice continuance; this was a complex case with voluminous discovery materials and, not surprisingly, counsel requested more time to prepare for trial. United States v. Ledee, Crim. No. 09-131 (ADC), 2011 WL 2518775 (D.P.R. June 22, 2011) (speedy trial act contemplates ends of justice continuances in situations where complex nature of case necessitates additional time to

prepare for trial). In addition, as part of the complexity of the case, defense counsel alerted the

Court that the case involved novel issues and a significant Fourth Amendment question that

would require additional time to research. That Fourth Amendment issue resulted in defense

counsel filing a motion to suppress that involved a novel issue of law concerning the acceptable

boundaries of a consensual search of computer files. See United States v. Stierhoff, 477 F. Supp.

2d 423 (D.R.I. 2007) ("Stierhoff I").

> In the instant case, the basic facts and justifying grounds for the requested
> continuance and excludable time under the [STA] are clearly obvious as explained
> in the [Defendant's] motion and memorandum which was [granted and adopted]
> by [this] court . [T]he continuance and excludable time granted . . . was properly
> grounded in the relevant criteria under [the Speedy Trial Act].

Bruckman, 874 F.2d at 62; see also Pakala, 568 F.3d at 60 (it was "clearly obvious" that the court

adopted grounds laid out in motion). Thus, the time period between June 5 and August 3 (59

days)[4] is excludable pursuant to § 3161(h)(8)(A).

On August 3, 2006, defense counsel filed a motion for a further extension of sixty days.

Defense counsel reiterated his claim that the case be deemed "complex" and requested an

additional 60 days to file pretrial motions. Defense counsel noted that the government did not

have an objection to the requested extension and acknowledged that the delay occasioned by the

making, hearing, or granting of the motion "shall constitute in whole or in part, excludable time

as defined by 18 U.S.C. § 3161(h)." Motion for Further Extension of Time, Docket #16 at 1. On

August 7, 2006, the Court granted that motion by margin order, thus adopting defense counsel's

---

[4]June 5 has already been excluded pursuant to the filing of the May 25, 2006, motion for a date certain.

reasoning and conclusions. The Court concludes that the time period between August 7[5] and October 5, 2006, (60 days) is excludable pursuant to § 3161(h)(8)(A).

On September 27, 2006, Stierhoff moved for a further extension of 10 days, to October 16, 2006, to file pre-trial motions. Once again, defense counsel noted that the government did not object and included the concession that the delay would be considered excludable time pursuant to § 3161(h). The Court granted the motion by electronic endorsement. It was "clearly obvious" that this motion related to the prior motions concerning case complexity. See Pakala, 568 F.3d at 60. The Court concludes that the time period between October 6 and October 15 (10 days) is excludable pursuant to § 3161(h)(8)(A).

On October 11, 2006, Stierhoff moved for a further extension of 10 days to October 26, 2006, to file pretrial motions. Defense counsel informed the Court that he had been "out of the office with bronchitis for the past week and a half and [had been] unable to complete the necessary motions to adequately defend his client." Motion for Extension, Docket #21 at 1. Defense counsel advised the Court that he had conferred with the government and the government did not have an objection to the delay. Defense counsel also stated that any "delay occasioned by the making, hearing, or granting of this motion shall constitute in whole or in part, excludable time as defined by 18 U.S.C. § 3161(h)." Id. The Court granted that motion on October 12, 2006, by margin order.

Ill health of counsel is a valid reason for granting a continuance under § 3161(h)(8)(A).

---

[5]The Government contends that the excludable period begins with the date the motion was granted by the Court. Stierhoff does not object. Although First Circuit precedent suggests otherwise, see Barnes, 159 F.3d at 12 (excluding time beginning on date the motion to continue was filed), because calculating the excludable period from the date the motion was granted is more beneficial to Stierhoff, the Court calculates the excludable period from the date the motion was granted.

United States v. DiTommaso, 817 F.2d 201, 210 (2d Cir. 1987) (continuance granted for sick prosecutor is "defensible under § 3161(h)(8)(A)"). The prior extensions had been granted to counsel as a result of the case complexity. As a direct result of counsel's illness, however, those extensions, proved to be insufficient. The basic facts and justifying grounds for the extension were "clearly obvious." See Pakala, 568 F.3d at 60. The Court concludes that the time period between October 16 and October 25 (10 days) is excludable pursuant to § 3161(h)(8)(A).

On October 26, 2006, Stierhoff filed a motion to suppress. The Court conducted an evidentiary hearing on the motion on December 12-13, 2006, and ordered supplemental briefing. Supplemental briefing was completed on January 17, 2007. The Court issued its decision on March 13, 2007. See Stierhoff I, 477 F. Supp. 2d 423 (granting in-part and denying in-part the motion to suppress).

Stierhoff contends that 137 days are excludable as a result of the motion to suppress. See 18 U.S.C. § 3161(h)(1)(F) ("delay resulting from any pretrial motion from the filing of the motion through the conclusion of the hearing on, or prompt disposition of, such motion"). Once a motion has been fully briefed and a hearing has been held, however, a court may only exclude a thirty-day period when the motion is under advisement. Henderson v. United States, 476 U.S. 321, 328-329 (1986); see also 18 U.S.C. § 3161(h)(1)(J) (excluding delay "reasonably attributed to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court"); Rodriguez, 63 F.3d 1159. The 30-day period "begins with the filing of the last paper following the motion." United States v. Leichter, 96 F. Supp. 2d 5, 7 n.3 (D. Mass. 2000). Thus, because the Court requested supplemental briefing after the hearing and the last filing was docketed on January 17, the excludable period ended on February

16, 2007. United States v. Mentz, 840 F.2d 315 (6th Cir. 1988). As a result, the excludable

period associated with the motion to suppress was from October 26, 2006, through February 16,

2007, or 114 days.

On March 19, 2007, Stierhoff's new lead counsel[6] filed a motion to continue the trial

until June or July 2007.[7] Defense counsel stated that he had conferred with the government and

the government did not object to the delay. Defense counsel informed the Court that he had

other trials scheduled in April of 2007 and that he needed

> adequate time to review discovery and prepare a defense. Although [new lead
> counsel] filed his motion for admission pro hac vice on January 17, 2007 . . . he
> was only admitted as counsel on March 6, 2007. [Local counsel] was lead counsel
> but is now only serving as local counsel in this matter. [New lead counsel] has
> only reviewed what he believes to be part of the government's discovery for about
> an hour on one occasion and does not currently have discovery. Further he has not
> had adequate time to prepare for trial and prepare a defense in this matter.

> Defense counsel also believes there are sufficient grounds to file at least
> one dispositive motion in this matter. Time is needed to prepare and file this
> motion, as well as all other pretrial filings necessary in this case. . . . . The
> defense believes this case is complex. Defense [c]ounsel therefore needs
> additional time to prepare for trial.

Defense Motion to Continue Trail, Docket at #79 at 1-2 (emphasis added). In addition, defense

counsel informed the Court that a

> failure to grant the continuance would deny counsel . . . the reasonable time
> necessary for effective preparation, taking into account the exercise of due
> diligence and the complexity of the case. The ends of justice will be served by
> continuing the trial date and outweighs the interest of the public and the
> Defendant in a speedy trial.

---

[6]Stierhoff chose to replace lead counsel in or about January of 2007.

[7]On March 16, 2007, the Government filed a motion in limine. On May 15, 2007, Defendant filed a motion
to dismiss. In light of the Court's disposition of Stierhoff's speedy trial argument, and in light of the fact that any
significant period of excludable time associated with these motions would overlap excludable time already
addressed, the Court need not calculate any excludable period associated with these motions.

Id. at 2 (emphasis added).[8] Counsel acknowledged that the time period associated with the continuance would be excludable under the STA. The Court granted the motion on March 28, 2007, in an electronic endorsement, and set a trial date for June 5, 2007.

In this motion, defense counsel again cited a statutorily permissible reason for the continuance, the complexity of the case. See 18 U.S.C. § 3161(h)(8)(B)(ii). In addition, defense counsel noted that he was new lead counsel (as a result of a voluntary choice by Stierhoff) and that he needed more time to adequately prepare for trial and to prepare a dispositive motion. As noted above, "reasonableness serves as the touchstone" of the ends of justice analysis. Barnes, 251 F.3d at 256. It was surely reasonable to grant new counsel adequate time to prepare a defense. Moreover, defense counsel asserted that the ends of justice would be served by granting the continuance. The basic facts and justifying grounds for the continuance (complexity of the case and change in counsel) were "clearly obvious." Pakala, 568 F.3d at 60. The Court concludes that the time period between March 28[9] and June 4 (69 days) is excludable pursuant to § 3161(h)(8)(A).

In sum, the Speedy Trial clock did not run during the periods associated with the May 25, 2006, motion for a date certain (12 days), the October 26, 2006, motion to suppress (114 days) and the ends of justice continuances associated with June 5, 2006, (59 days), August 3, 2006, (60 days), September 27, 2006, (10 days), October 11, 2006, (10 days), and March 19, 2007 (69 days) motions. In total, of the 392 days that Stierhoff awaited trial, 334 days are excludable

---

[8] New lead counsel also informed the Court that he had a criminal trial scheduled for April 24, 2007, in the United States District Court for the Eastern District of Michigan and that the defendant in that matter, apparently unlike Stierhoff, was "unwilling to waive speedy trial." Defense Motion to Continue, Docket #79 at 2.

[9] See footnote 5 above.

pursuant to the STA. Consequently, Stierhoff's trial began well within the STA's seventy day period. Thus, it was not objectively unreasonable for counsel not to move for dismissal under the STA. Strickland, 466 U.S. at 687-688.

## 2. Prejudice Prong

However, even if it had been objectively unreasonable for counsel not to move for a dismissal under the STA, Stierhoff has not shown that the omission caused him any prejudice. The government contends that Stierhoff was not prejudiced by his attorneys' decisions not to challenge the alleged STA violations. Stierhoff claims that had trial counsel filed a motion to dismiss, this Court would have been required to dismiss the indictment.

If the 70 day time limit is exceeded under the STA the "indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2). Dismissal, however, may be with or without prejudice. Id. In determining whether to dismiss the case with or without prejudice, courts consider, among others, each of the following factors: (1) the seriousness of the offense, (2) the facts and circumstances of the case which led to dismissal, (3) the impact of a re-prosecution on the administration of the STA and on the administration of justice, and (4) whether the delay resulted in actual prejudice to the defendant. United States v. Scott, 270 F.3d 30 (1st Cir. 2001); see also 18 U.S.C. § 3162(a)(2); United States v. Dessesaure, 556 F.3d 83, 86 (1st Cir. 2009) (the "most concrete elements are the seriousness of the offense, the cause of the delay and any resulting prejudice to the defendant's ability to get a fair trial if re-prosecuted"). Dismissal with prejudice is "a last and rare resort." Id. at 85.

In this case, it is highly improbable that, had Defendant's counsel moved to dismiss for an STA violation, dismissal would have been granted with prejudice. "Tax evasion is a felony, a

serious offense that is 'the capstone of a system of sanctions which singly or in combination were calculated to induce prompt and forthright fulfillment of every duty under the income tax law and to provide a penalty suitable to every degree of delinquency.'" United States v. Silkman, 156 F.3d 833, 834-35 (8th Cir. 1998) (quoting Sansone v. United States, 380 U.S. 343, 350-51 (1965)); see also United States v. Pierce, 17 F.3d 146 (6th Cir. 1994) (in analysis of violation of STA, income tax evasion is a serious offense). "The graver the crimes, the greater the insult to societal interests if the charges are dropped, once and for all, without a meaningful determination of guilt or innocence." United States v. Hastings, 847 F.2d 920, 925 (1st Cir. 1988).

The facts and circumstances prong "focuses on the culpability of the delay-producing conduct." Id. The delays in this case were caused by Stierhoff's counsels' reasonable requests. Stierhoff "did not behave like a defendant who wanted [his] day in court posthaste." United States v. Barnes, 159 F.3d 4, 17 (1st Cir. 1998); see generally United States v. Clark, 577 F.3d 273, 283 (5th Cir. 2009) ("delays sought by counsel are ordinarily attributable to the defendants they represent") (internal quotation marks and citation omitted). There is clearly no government culpability or bad faith. United States v. Franklin, 630 F.3d 53 (1st Cir. 2011) (absence of bad faith on part of Government supported dismissal without prejudice).

Dismissal without prejudice does not disrupt the administration of the STA or the administration of justice. Franklin, 630 F.3d at 59. The "strongest argument against re-prosecution is prejudice to the defendant – most importantly, loss of witnesses or other impediments to obtaining a fair trial at a later date." Dessesaure, 556 F.3d at 85. Stierhoff has not made any showing that he suffered this type of prejudice as a result of the delays.

Thus, had Stierhoff moved for dismissal based on a violation of the STA, the Court

would have dismissed the matter without prejudice. Stierhoff "would have been re-indicted, re-tried and convicted,[10] just as he was at his [2007] trial. Because [Stierhoff] has not shown that the outcome would be different, he has not shown that [counsel] provided ineffective assistance of counsel when he failed to raise [Stierhoff's] Speedy Trial Act rights at trial." Belton, 2010 WL 2816374 at *11; see generally Fairley v. United States, Nos. 08 Civ. 3823(LBS), 06 Cr. 89(LBS), 2011 WL 1097537, at *8 (S.D.N.Y. 2011 March 22, 2011) (in a § 2255 petition, the court held that there was no STA violation, but even if there had been a violation, dismissal would have been "without prejudice to bring new charges"); Reyes v. United States, No. 07 CV 1614(JG), 2007 WL 2973591, at * 5 (E.D.N.Y. Oct. 10, 2007) (in a § 2255 petition, the court held that if counsel would have moved to dismiss based on a violation of the STA, the court would have dismissed the matter without prejudice and there was no evidence to suggest that the government would have been unable to obtain "a second indictment or a second guilty verdict").[11]

---

[10]Stierhoff concedes that if the Court had "opted to dismiss without prejudice, obviously re-prosecution would have at least been within the expected realm of reality." Memorandum in Support of Motion to Vacate, Docket #138 at 12.

[11]It is not clear from the papers whether Stierhoff also asserts a claim that his Sixth Amendment right to a speedy trial was violated. In view of Stierhoff's pro se status and in the interests of judicial economy, the Court addresses a Sixth Amendment claim. The Court must analyze the claim in light of four factors: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. United States v. Salimonu, 182 F.3d 63 (1st Cir. 1999). The Sixth Amendment right to a speedy trial attaches upon arrest or indictment – whichever occurs first. United States v. Maxwell, 247 F. Supp. 2d 25 (D. Mass. 2003), aff'd, 351 F.3d 35 (1st Cir. 2003). Stierhoff was indicted on March 22, 2006, and trial commenced on June 5, 2007 – a period of fifteen months. The Court assumes without deciding that the fifteen month period is presumptively prejudicial so as to trigger further inquiry. The focal inquiry of a Sixth Amendment Speedy Trial claim is the reason for the delay factor. United States v. Santiago-Becerril, 130 F.3d 11 (1st Cir. 1997). The delays complained of here were all as a result of reasonable motions filed by Stierhoff. See generally United States v. Gates, 650 F. Supp. 2d 81, 86 (D. Me. 2009) (where "reasons for delay are wholly attributable to the defendant, courts generally have unhesitatingly rejected Sixth Amendment speedy trial claims"). The "defendant's assertion of his speedy trial right . . . is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right" and "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." Barker v. Wingo, 407 U.S. 514, 531-32 (1972). Stierhoff never asserted his right to a speedy trial. In evaluating prejudice, courts concentrate on "oppressive pretrial incarceration, minimiz[ing] the accused's anxiety, and limit[ing] the

## B. Failure to Call Stierhoff to Testify

Stierhoff next contends that trial counsel was ineffective because he advised Stierhoff not to testify and thus failed to have Stierhoff testify about whether he believed he had a legal duty to pay taxes. Likewise, Stierhoff claims that appellate counsel was ineffective for failing to raise the issue. Stierhoff argues that this testimony would have been particularly important to disprove willful intent. Stierhoff contends that trial counsel did not explain to him that the "only way . . . to . . . counter the substantial amount of circumstantial evidence" would be for him to testify about his good faith belief that he was not violating tax law. Affidavit in Support of Motion to Vacate, Docket #140 at ¶ 5.

"Unaccompanied by coercion, legal advice concerning exercise of the right to testify infringes no right but simply discharges defense counsel's ethical responsibility to the accused." Lema v. United States, 987 F.2d 48, 52 (1st Cir. 1993) (citations omitted). In determining whether a defendant was coerced, courts are guided by (1) whether the defendant knew about his constitutional right to testify, (2) the competence and soundness of defense counsel's tactical advice, and (3) any intimidation or threatened retaliation by counsel relating to the defendant's testimonial decision. Id. at 52-53. It is abundantly clear that Stierhoff was not coerced into not testifying.

Although Stierhoff contends that he was not advised that he had a "fundamental right to

---

possibility that the passage of time will impair the accused's ability to mount a defense." United States v. Rashland, 300 F.3d 27, 34 (1st Cir. 2002). Stierhoff was not detained pretrial and he does not allege that the delay caused him anxiety or concern. Stierhoff has not identified any specific prejudice resulting from the delay. The factors weigh against finding a violation of Stierhoff's Sixth Amendment right to a speedy trial. Failure to raise the issue, therefore, does not fall below any objective standard of reasonableness. Strickland, 466 U.S. at 687-88.

testify," he concedes that he was "advised . . . not to testify." Memorandum in Support of Motion to Vacate, Docket #138 at 13, 14. The Court is very familiar with Mr. Stierhoff. He is a well-educated and highly intelligent individual. This Court has, however, found Stierhoff's testimony at the suppression hearing on the motion to suppress to be "not credible." Stierhoff I, 477 F. Supp. 2d at 430. In light of Stierhoff's acuity and the fact that he testified at the suppression hearing, for Stierhoff to suggest that he was not aware of his fundamental right to testify is preposterous and lacks "even a patina of plausibility." Stierhoff III, 549 F.3d at 24.

"The decision whether to call a particular witness is almost always strategic . . . ." Lema, 987 F.2d at 54. Defense counsel filed a motion to dismiss on May 15, 2007, and after being informed that the Court would take the motion under advisement and would not rule on it pre-trial, Stierhoff concedes that counsel did not revisit the issue of testifying. Stierhoff admits that counsel advised him not to testify in the hope that the motion to dismiss would be successful. Thus, it certainly appears reasonable that a strategic decision was made that Stierhoff would not testify because he believed the motion to dismiss had a chance at success.

In addition, in light of the evidence presented at trial, it is clear that, given the choices, counsel was well aware of the risks associated with Stierhoff testifying. Stierhoff admits that he was faced with substantial evidence of income tax evasion. Counsel was aware that if Stierhoff took the stand the government could cross examine Stierhoff with the multitude of ways he attempted to conceal his activities. Any claim of good faith would be confronted with a wall of evidence of deceit and concealment rendering any good faith testimony incredible.

Furthermore, if Stierhoff testified that he held a good faith belief that he did not have to file tax returns or pay taxes – there was a possibility that the suppressed evidence could have

been used to refute that testimony.[12] The suppressed evidence, among other things, included

Stierhoff's computer files and folders that had titles labeled "Banking," "Conspiracy," "Cuba,"

"Escape," "Greneda," "Havens," "Passports & ID's," "Panama," "Switzerland," "Offshore," and

"Money Laundering." Stierhoff I, 477 F. Supp. 2d at 440. This evidence, at the very least,

would have rebutted testimony concerning Stierhoff's subjective good faith belief about his duty

to pay taxes.

> The habeas court must evaluate the [challenged] conduct from counsel's
> perspective at the time, considering the totality of the circumstances before it and
> making every effort . . . to eliminate the distorting effects of hindsight. It must
> indulge a strong presumption that counsel's conduct falls within a wide range of
> reasonable professional assistance; that is, the defendant must overcome the
> presumption that, under the circumstances, the challenged action might be
> considered sound trial strategy.

Lema, 987 F.2d at 51 (emphasis added) (internal quotation marks and citation omitted).

With the benefit of hindsight, Stierhoff now wishes to revisit a strategic decision that did

not have the favorable outcome hoped for. Recognizing the circumstances that Stierhoff faced

and weighing the risks and benefits of testifying, it was a reasonable decision by counsel to

advise Stierhoff not to testify. Defense counsel's performance, thus, did not fall below an

objective standard of reasonableness. Strickland, 466 U.S. at 687-88.

However, even if counsel's performance could be considered deficient, Stierhoff has

failed to establish a reasonable probability that the trial result would be different. Manon, 608

F.3d at 131. Stierhoff must show that his proffered testimony would have so altered the path of

trial that a different outcome would have resulted. Id. In this instance, the lack of specificity in

---

[12]In fact, the government filed a motion in limine requesting that the Court allow the government to use the suppressed evidence to impeach Stierhoff if he testified or as rebuttal evidence.

Stierhoff's affidavit, as well as the mountain of evidence submitted by the government at trial, also proves fatal to Stierhoff's claim.

## C. Mootness

Stierhoff next claims that trial counsel was ineffective because he did not move to dismiss based upon the argument that the case was moot because the Internal Revenue Service's Certificates of Assessments and Payments ("Certificates"),[13] admitted at trial, did not show any tax liability for each of the years at issue. Likewise, Stierhoff claims that appellate counsel was also ineffective for failing to raise the issue on appeal. Stierhoff avers that, because the Certificates listed zero tax liability, there was no tax deficiency or tax due and owing, thus there was no case or controversy and no jurisdiction. Stierhoff argues that because the Certificates showed no tax liability he could not be convicted of tax evasion. Stierhoff claims that, by failing to move to dismiss, counsel permitted the matter to go to trial without a threshold determination of jurisdiction.

"[I]t defies credulity to argue that [a] district court lack[s] jurisdiction to adjudicate" an income tax evasion case. United States v. Drachenberg, 623 F.3d 122, 124 (2d Cir. 2010). The evidence at trial established that the reason the Certificates reflected a tax due of zero was because Stierhoff *never* filed a tax return in the years at issue and the Internal Revenue Service had never made an assessment of taxes. Despite Stierhoff's opinion to the contrary, Stierhoff recycles an argument that this Court has previously rejected. The Internal Revenue Service need not make an assessment of taxes owed and demand for payment in order to show a tax

---

[13]A Certificate of Assessments and Payments is a "certified transcript of all the assessments, penalties, interest, and payments on record" for a taxpayer. Godfrey v. United States, 997 F.2d 335, 339 (7th Cir. 1993).

deficiency. United States v. Stierhoff, 500 F. Supp. 2d 55 (D.R.I. 2007) ("Stierhoff II"), aff'd,

Stierhoff III, 549 F.3d 19. "[A] tax deficiency . . . exists from the date a return is to be filed and .

. . arises by operation of law when the return is not filed." United States v. Hogan, 861 F.2d 312,

316 (1st Cir. 1988). "As long as the tax is 'due and owing' in this manner, no formal assessment

is necessary." United States v. Russell, 998 F.2d 1001, 1993 WL 279077, at *1 (1st Cir. 1993)

(unpublished table decision); see also United States v. Daniel, 956 F.2d 540 (6th Cir. 1992)

(rejecting argument that defendant could not be convicted of tax evasion unless the government

made a tax assessment and demand for payment).

The government presented overwhelming evidence at trial establishing Stierhoff's tax

liability for the years in issue. "[W]hen, as here, the taxpayer fails to file a return, and the

[g]overnment can show a tax liability pursuant to the provisions of the tax code, then a tax

deficiency within the meaning of section 7201 is deemed to arise by operation of law on the date

the return is due." Hogan, 861 F.2d at 315. Counsel's performance did not fall below an

objective standard of reasonableness. Strickland, 466 U.S. at 687-88.

As part of his "mootness" ineffective assistance argument, Stierhoff also challenges the

testimony of Michael Pleshaw ("Pleshaw"), the Internal Revenue Services' summary witness at

trial. Stierhoff challenges Pleshaw's testimony because Pleshaw was not an "assessment officer

with delegated authority to perform an assessment and . . . none of his assertions and conclusions

were certified to be true and correct by law." Memorandum in Support of Motion to Vacate,

Docket #128 at 26.

Stierhoff fails to identify how counsel's performance was deficient with respect to this

testimony. In any event, Stierhoff's challenge to Pleshaw's testimony is a reformulation of the

argument that was rejected on appeal. <u>Stierhoff III</u>, 549 F.3d at 27 (Stierhoff challenged

Pleshaw's "testimony because it embodied impermissible legal conclusions"). Issues "disposed

of in a prior appeal will not be reviewed again by way of 28 U.S.C. § 2255 motion[.]" <u>Singleton</u>

<u>v. United States</u>, 26 F.3d 233, 240 (1st Cir. 1994) (internal quotation marks and citation omitted).

Stierhoff's argument that defense counsel was ineffective because he failed to file a motion to

dismiss on the grounds of mootness is rejected.

D. <u>Jury Instructions</u>

Stierhoff next claims that trial and appellate counsel were ineffective for failing to object

to what he contends was an incorrect jury instruction concerning the elements of a violation of 28

U.S.C. § 7201. This Court instructed the jury that

> the [g]overnment must prove three essential elements beyond a reasonable doubt
> in order to sustain its burden or proof:
>
>> One, that the Defendant had a substantial tax due and owing; two, that the
>> Defendant willfully attempted to evade or defeat the assessment of this tax; and
>> three that the Defendant committed an affirmative act in furtherance of this willful
>> attempt to evade or defeat the assessment of the tax.

June 19, 2007, Trial Transcript at 76-77. Stierhoff contends that the Supreme Court has never

held that a "substantial tax due and owing" and the "willful attempt to evade or defeat the

assessment of the tax" are elements of an offense under 26 U.S.C. § 7201.

Section 7201 defines two crimes – willful attempt to evade or defeat the <u>assessment</u> of

tax and the willful attempt to evade or defeat the <u>payment</u> of tax. <u>Hogan</u>, 861 F.2d 312. The first

crime includes evading the government's attempt to ascertain a tax liability while the second

crime addresses an individual's evasion of the payment of that tax. <u>Id.</u> This was an evasion of

assessment prosecution. "The elements of both crimes are the same: (1) willfulness, (2)

existence of a tax deficiency, and (3) an affirmative act constituting an evasion or attempted evasion of the tax." Id. at 315; Sansone, 380 U.S. at 351.

The First Circuit sometimes uses the phrase "additional tax due and owing" in place of the term "tax deficiency." United States v. Sorrentino, 726 F.2d 876, 879 (1st Cir. 1984); see also United States v. McKee, 506 F.3d 225 (3d Cir. 2007) (same); Unites States v. Bickham, 264 F.3d 1141 (5th Cir. 2001) (per curiam) (unpublished table decision) (an additional tax due and owing constitutes tax deficiency). The instruction given by the Court is well-supported in law. Defense counsel's performance did not fall below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88.

### E. Summary Witness' "Reliance" on Publication 17

Stierhoff next argues that trial counsel was ineffective for failing to object to Pleshaw's reliance on Internal Revenue Service publication 17. Stierhoff argues that at trial Pleshaw used publication 17 as a basis for his conclusions of the "supposed requirement to file income tax returns and for his falsely asserted 'tax due and owing.'" Motion to Vacate, Continuation Petition, Docket #138 at 3. The First Circuit has already ruled on Pleshaw's testimony. See Stierhoff III, 549 F.3d 19. Issues "disposed of in a prior appeal will not be reviewed again by way of 28 U.S.C. § 2255 motion[.]" Singleton, 26 F.3d at 240 (internal quotation marks and citation omitted).

### F. Stierhoff is not an "Individual" Under the Tax Code

Stierhoff next contends that trial counsel was deficient in failing to move pretrial to determine his status. Likewise, Stierhoff claims that appellate counsel was ineffective for failing to raise the issue. Stierhoff contends that he is not an "individual" under the Internal Revenue

22

Code and thus is not subject to taxation. Notwithstanding Stierhoff's opinion to the contrary, this argument was rejected on appeal. See Stierhoff III, 549 F.3d at 25 (Stierhoff was "a person subject to the tax code"). Issues "disposed of in a prior appeal will not be reviewed again by way of 28 U.S.C. § 2255 motion[.]" Singleton, 26 F.3d at 240 (internal quotation marks and citation omitted).

In any event, on the merits, this argument fails as the argument has been soundly rejected. See United States v. Collins, 920 F.2d 619 (10th Cir. 1990) (argument that defendant was not an individual under the code was frivolous). "Section 1 of the Internal Revenue Code imposes a tax on the 'taxable income' of every individual." Nelson v. United States, 392 Fed. App'x 681, 682 (11th Cir. 2010); Metallic v. Commissioner of Internal Revenue, 225 Fed. App'x 1 (1st Cir. 2007) (per curiam) (tax code imposes a tax on the income of every individual who is a citizen or resident of the United States).

Stierhoff was a citizen and a resident of Rhode Island. Stierhoff conducted business in Rhode Island and earned sufficient income in the years 1999 through 2002 to require him to file federal income tax returns. It is unequivocally clear that Stierhoff is an individual subject to the income tax code. Stierhoff's contention that his counsel was ineffective for failing to move pretrial for a status determination is frivolous.

## G. Regulations

Stierhoff next argues that trial and appellate counsel were deficient for failing to "assert the illegality of prosecuting [him] for attempting to evade the asseessment of income tax where no substantive regulations exist for assessment of income tax." Motion to Vacate, Docket #138 at 9. Once again, Stierhoff's assessment argument appears for an encore – because no

assessment was made by the Internal Revenue Service or because there are no regulations governing the assessment of taxes – there was no tax due and owing and he could not be found guilty of the crime of income tax evasion. He contends that counsel was ineffective for failing to move for dismissal.

The Court need not linger on this contention as the Court has already disposed of the foundation of Stierhoff's challenge. As noted above, a tax deficiency exists "from the date a return is to be filed and . . . arises by operation of law when the return is not filed." Hogan, 861 F.2d at 316; see Section II C above. Stierhoff's attempt at distinguishing his situation from settled case law fails. Counsel's failure to move for dismissal based on the premise that Stierhoff could not be prosecuted for income tax evasion because no substantive regulations for the assessment of income tax exist, does not fall below any objective standard of reasonableness. Strickland, 466 U.S. at 687-688.

## H. Actual Innocence

Stierhoff next claims that he is innocent of evading taxes for several reasons. Stierhoff argues that because there is no regulation promulgated by the Secretary of the Treasury governing the assessment of tax, he cannot be guilty of evading the assessment of tax. Stierhoff also contends that he was incapable of committing income tax evasion because he was under "no legal duty . . . to follow any course of conduct with respect to income taxes. . . . " Motion to Vacate, Continuation Petition, Docket #138 at 1. Stierhoff also argues (again) that he is not an individual under the Internal Revenue Code and therefore cannot be subject to tax.

In order for petitioner to establish actual innocence he must "show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."

Simpson v. Matesanz, 175 F.3d 200, 210 (1st Cir. 1999) (internal quotation marks and citation omitted). The Court has already disposed of Stierhoff's "assessment/regulation" and "individual" arguments. See Sections II C and F above. Suffice it to say that at trial the government produced extensive evidence showing that (1) Stierhoff was a successful, self-employed businessman generating approximately $2,400,000 million in gross receipts from 1999-2002; (2) Stierhoff held himself out to customers as Joseph Adams, operating his business under the name Adams Associates, Inc.; (3) the balance in one of Stierhoff's bank accounts during the time period from 1999-2002 increased by over one million dollars; (4) Stierhoff owed over $450,000 in taxes for that period; (5) Stierhoff did not file any tax return in any year between 1999-2002; (6) Stierhoff took elaborate steps to conceal his true identity and income; and (7) Stierhoff proclaimed to law enforcement officers that he did not pay federal taxes. Stierhoff's actual innocence claim is utterly frivolous.

## Supplemental Filing

On May 10, 2010, Stierhoff filed a supplement to his petition. In the supplement, Stierhoff raises three additional grounds for relief that were not raised in his original petition. The government contends that these new claims are untimely.

An individual has one year to file a § 2255 petition, generally, from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Stierhoff was sentenced and judgment entered on February 1, 2008. Stierhoff's appeal was denied on December 1, 2008. Stierhoff III, 549 F.3d 19. "[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate's court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 525 (2003). The time to file a petition for a writ of

certiorari expires 90 days after the entry of judgment. Id. Stierhoff did not file a petition for certiorari, consequently, his conviction became final on March 1, 2009. Thus, in order to be timely, Stierhoff had to file his petition by March 1, 2010. Stierhoff timely filed his § 2255 petition on March 1, 2010, by mailing it from the penal institution where he was then incarcerated. See generally Rules Governing Section 2255 Cases, Rule 3.

Because of the March 1 deadline, however, the new claims filed in the supplement were filed approximately two months out of time. The Court, however, construes the additional grounds for relief as an amendment to the initial § 2255 filing. Fed R. Civ. P. 15 governs amendments to § 2255 petitions. United States v. Ciampi, 419 F.3d 20 (1st Cir. 2005). Pursuant to Rule 15, amended claims relate back to the date of the timely filed motion so long as the amended claims "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Id. at 23 (internal quotation marks and citation omitted). In the habeas environment, however, "the Rule 15 relation back provision is to be strictly construed, in light of Congress' decision to expedite collateral attacks by placing stringent time restrictions on [them]." Id. (internal quotation marks and citation omitted). As a result, amended habeas claims "generally must arise from the same core facts and not depend upon events which are separate both in time and type from the events upon which the original claims depended." Id. at 24. (internal quotation marks and citation omitted).

Stierhoff does not raise any additional ineffective of assistance of counsel claims in his supplemental filing. Giving Stierhoff the benefit of the doubt, however, he styles two of the new claims as "jurisdictional" and the third as an "actual innocence" claim. Because the claims are wholly without merit and only need brief mention, the Court assumes without deciding that the

claims are properly before the Court and addresses each claim. See generally Ramos-Martinez v. United States, 638 F.3d 315 (1st Cir. 2011) (judicial economy may counsel going directly to the merits if merits are easily resolvable against the petitioner).

### I. Prosecutors Were Not Employees of the Department of Justice

Stierhoff claims that the prosecutors, John N. Kane and Thomas G. Voracek, were not employees of the Department of Justice, and therefore, they were not authorized to represent the United States. Stierhoff concludes that because the prosecutors were not employees of the Department of Justice, jurisdiction was lacking and the indictment as well as the conviction are void.

Stierhoff bases his accusation on responses to his numerous Freedom of Information Act, 5 U.S.C. § 552, requests. Stierhoff's argument is patently frivolous. The prosecutors were employees of the Department of Justice and were authorized to prosecute the case on behalf of the United States. In response to Stierhoff's assertion, the prosecutors provided the Court with copies of their delegation of authority letters from the United States Deputy Assistant Attorney General. In addition, both prosecutors have appeared before many other courts representing the United States. See United States v. Turner, Criminal No. 01-06 Erie, 2011 WL 3471078 (W.D. Pa. August 6, 2011) (Voracek); United States v. Graham, No. 1:05-CR-45, 2008 WL 2098044 (S.D. Ohio May 16, 2008) (Voracek); United States v. Richardson, No. 1:05-CR-45-003, 2006 WL 2505930 (S.D. Ohio August 29, 2006) (Voracek); United States v. Leveto, 343 F. Supp. 2d 434 (W.D. Pa. 2004) (Voracek), aff'd, 540 F.3d 200 (3d Cir. 2008); American Federal Bank FSB v. United States, 68 Fed. Cl. 346 (2005) (Kane); Client Network Services, Inc. v. United States, 64 Fed. Cl. 784 (2005) (Kane); Globe Savings Bank, F.S.B. v. United States, 61 Fed Cl. 91

(2004) (Kane).

### J. Sentencing Court Was Without Jurisdiction

Stierhoff next claims that this Court did not have jurisdiction to sentence him because "the prosecution and proceedings against him were grounded in hypothetical, contingent, and speculative issues of which a federal court may not take cognizance." Supplement to Motion to Vacate, Docket # 155 at 73. Stierhoff concedes that this claim is based on the "same evidence, facts, and law" as his mootness claim but now claims that the issue is jurisdictional. Id. Stierhoff's argument is rejected for the same reasons that his mootness argument was rejected. See II C above. The Court had proper jurisdiction of this matter.

### K. "New Evidence" Showing Innocence

Stierhoff claims that "new evidence – critical physical evidence – obtained . . . during his incarceration clearly indicates that there was and continues to be no fact of the existence of a tax deficiency, [and] no tax due and owing . . . [thus] no offense [was] committed." Supplement to Motion to Vacate, Docket # 155 at 83. Stierhoff bases this argument, again, on responses to Freedom of Information Act requests which he contends show that he did not owe any tax liability. Once again, however, Stierhoff concedes that this claim is based on the same "facts and evidence" as his mootness claim. Id.

This "new claim" is clearly a rehash, yet again, of Stierhoff's Certificate of Assessment argument. The Court need not repeat its reasoning for rejecting this argument. See II C above. Stierhoff has failed to show that "it is more likely than not that no reasonable juror would have

found petitioner guilty beyond a reasonable doubt." Simpson, 175 F.3d at 210 (internal quotation marks and citation omitted)

Stierhoff has raised a multitude of arguments in his filings (in excess of 250 pages); any argument that the Court has not specifically addressed above, however, has been carefully reviewed by the Court and found to be without merit.[14] Stierhoff's motion to vacate is denied and dismissed.[15]

## Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 proceedings in the United States District Courts, this Court finds that this case is not appropriate for the issuance of a certificate of appealability as Stierhoff has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

---

[14]On April 11, 2011, Stierhoff filed a "Petition for Writ of Habeas Corpus Ad Subjiciendum." Stierhoff v. Weiner, CA 11-153 ML (D.R.I.), Docket #1. That petition constitutes a second consecutive § 2255 motion to vacate. Stierhoff must "obtain from the . . . court of appeals . . . an order authorizing the district court to consider the application." Raineri v. United States, 233 F.3d 96, 99 (1st Cir. 2000); 28 U.S.C. § 2244(b)(3)(A). There is nothing in the record to indicate that Stierhoff has obtained such authorization. Absent that authorization, the Court is without jurisdiction to consider this petition. Ellis v. United States, 446 F. Supp. 2d 1 (D. Mass. 2006). Thus, the petition is dismissed.

[15]Stierhoff has also filed a motion for this Court to recuse pursuant to 28 U.S.C. § 455(a). United States v. Stierhoff, CR No. 06-0042 ML (D.R.I.), Docket #142. Stierhoff argues that because his § 2255 petition challenges the Court's decisions at trial, which he contends were in error, an appearance of partiality arises. Stierhoff contends that it would preserve the administration of justice and the perception to the public if the district judge who handled the trial would recuse from deciding the § 2255 petition.

Section 2255 "evinces a strong preference" for post conviction review by the judge who presided at trial. Ellis v. United States, 313 F.3d 636, 642 (1st Cir. 2002). Stierhoff claims that because he is alleging that the Court made errors at trial the Court will hold that against him in its rulings on his § 2255 petition. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). "To establish a bias or prejudice springing from the facts adduced or events occurring at trial, the movant must demonstrate bias so extreme as to display clear inability to render fair judgment." Leland v. United States, 495 F. Supp. 2d 124, 127 (D. Me. 2007) (internal quotation marks and citation omitted). A judge has "a duty not to recuse himself or herself if there is no objective basis for recusal." Id. Stierhoff has presented "no objective basis" to support the motion to recuse. Id. (internal quotation marks and citation omitted). The Court denies Stierhoff's motion to recuse.

Petitioner is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. Rules Governing Section 2255 Cases, Rule 11(a).

SO ORDERED.

/s/ Mary M. Lisi
Mary M. Lisi
Chief United States District Judge
November 30, 2011.